UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

JAIME HOWARD,
and all others similarly situated under
29 U.S.C. §216(b),

    Plaintiff,

vs.

ALEX AND ANI, LLC

    Defendant.
_____/

## **COMPLAINT**

Plaintiff Jaime Howard ("Howard" or "Plaintiff") on behalf of herself and all others similarly situated under 29 U.S.C. §216(b), by and through undersigned counsel, hereby sues Alex and Ani, LLC (the "Company" or "Defendant") and alleges as follows:

### **Introduction**

1. This is an action by Plaintiff against the Company for unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. Plaintiff seeks damages, reasonable attorneys' fee and costs, and all other remedies allowable by law.

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

3. The FLSA counts are brought as a collective action pursuant to 29 U.S.C. §216(b).

4. Defendant has failed to compensate similarly situated employees in accordance with the FLSA by depriving them of the FLSA's required overtime premium and minimum wage payments.

## Parties, Jurisdiction and Venue

5. Plaintiff Howard resides in Broward County, Florida.

6. The Company employs Plaintiff in Broward County, Florida.

7. The Company conducts business in Broward County, Florida.

8. Based on the Company's website the Company purports to have approximately sixty-two (62) stores in Florida.

9. During the relevant period, Plaintiff performed work for Defendant in Broward County, Florida.

10. Venue is proper in this Court because Defendant transacts business in this District, Defendant employed Plaintiff in this District, and the claims arose within this District.

### A. Defendant's Business And Interstate Commerce

11. The Company is a retailer and producer of jewelry.

12. The Company's annual volume of sales or business exceeded $500,000 annually for the last three (3) years.

13. At all relevant times, Defendant employed two or more employees, including Plaintiff, that customarily, continually, and regularly handled goods

2 | Page

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

14. Upon information and belief, Defendant obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

15. Defendant, upon information and belief, accepts credit card payments, wire transfers, and other forms of payments that are made or processed outside the state of Florida.

16. The Company is engaged in interstate commerce and subject to the FLSA.

B. **Plaintiff's Employment With The Company**.

17. Howard began working for Defendant in or around November 2018.

18. Howard was hired by Defendant and given the title of "Store Manager."

19. Howard remains employed by Defendant as the titled "Store Manager."

3 | P a g e

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

C. **Defendant's Misclassification Of Plaintiff And Failure To Pay Overtime Wages**.

20.  Although the Company uses a Store Manager label with respect to Howard's position, the Company has Howard render the very same duties required of her "subordinates."

21.  During the relevant period, the Company required Howard to handle shipments, restock the floor, help customers, perform cashier work, and clean the store.

22.  These non-exempt duties represent the overwhelmingly majority of Howard's regular day-to-day work.

23.  Furthermore, the Company has customarily and regularly required Howard to be the only employee on shift or authorized on shift with fewer than two (2) full-time employees.

24.  The Company has failed to pay Howard a free and clear base salary, free of improper deductions.

25.  Howard has customarily and regularly worked 40 hours a week for the Company.

26.  The Company, however, has never paid Howard an overtime premium when she works overtime hours.

27.  While the Company has availed itself of the benefit of depriving Howard of overtime compensation when she works over 40 hours a week, the

4 | P a g e

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

Company has, at the same time, deducted Howard's compensation if the Company deems Howard to have worked less than 40 hours a week.

28. Such improper deductions are another reason why Howard cannot be deemed an exempt employee under the FLSA—thereby entitling Howard to overtime compensation under the FLSA.

29. The Company has made improper deductions to Howard's compensation when Howard has been available for work but is prevented from working by the Company.

30. The Company has made improper deductions to Howard's compensation for alleged "sick time" used.

31. All of these issues make it inarguable that Howard has been a non-exempt employee during her tenure with the Company and has been deprived of overtime compensation at the time-and-a-half rate imposed by the FLSA.

### D. **Defendant' Illegal Payment Practices Affected All Other Similarly Situated Employees.**

32. Defendant's pattern and practice of depriving workers of overtime compensation required by the FLSA extended to all Store Managers throughout the United States.

33. The Company has a centralized Human Resources Department that handles employee deduction and classification issues throughout the United States.

5 | Page

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

34. Store Managers throughout the County have been subject to the very same unlawful payment practices as Howard.

35. Store Managers throughout the Country are principally required to perform non-exempt work, including handling shipments, restocking the floor, helping customers, performing cashier work, and cleaning the store.

36. Store Managers throughout the Country are customarily and regularly required to work shifts where they are not supervising at least two (2) full-time employees.

37. Store Managers throughout the Country have worked over forty (40) hours a week during the last three (3) years without being paid at time-and-a-half their regular rate of pay for the overtime hours worked.

38. Store Managers throughout the Country are subject to pay deductions if they are deemed to have worked less than 40 hours a week.

39. Store Managers throughout the Country have been subject to pay deductions when the Company itself does not allow them to work.

40. Store Managers throughout the Country have had their pay reduced because of alleged "sick time" taken.

41. The Company purports to have or have had hundreds of stores in the United States during the last three (3) years.

42. There are numerous similarly situated Store Managers.

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

## COUNT I

## <u>OVERTIME VIOLATION BY THE COMPANY UNDER THE FAIR LABOR STANDARDS ACT</u>

43. Plaintiff re-allege and incorporate by reference the allegations in paragraphs 1 through 42 above as if fully set forth herein.

44. Upon information and belief, the Company's annual volume of sales or business exceeded $500,000 during each calendar year of the relevant period.

45. As part of its business, the Company purchased goods and materials that traveled through interstate commerce during the relevant period.

46. During the relevant period, the Company obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

47. During the relevant period, the Company, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed outside the state of Florida.

48. During the relevant period, the Company was an employer engaged in interstate commerce and subject to the FLSA.

49. Plaintiff has worked overtime hours during her tenure with the Company.

7 | Page

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

50. The Company, however, never paid Plaintiff time-and-a-half her regularly rate of pay for all hours worked over 40 in a workweek.

51. Plaintiff is owed overtime back pay.

52. In addition, the Company is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violation of the FLSA as well as the application of a three-year statute of limitations.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against the Company under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff her attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT II

### COLLECTIVE ACTION AGAINST THE COMPANY

53. Plaintiff re-allege and incorporate by reference the allegations in paragraphs 1 through 42 above as if fully set forth herein.

54. Defendant's pattern and practice of depriving workers of overtime compensation required by the FLSA extended to all Store Managers throughout the United States.

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

55. The Company has a centralized Human Resources Department that handles employee deduction and classification issues throughout the United States.

56. Store Managers throughout the County have been subject to the very same unlawful payment practices as Howard.

57. Store Managers throughout the Country are principally required to perform non-exempt work, including handling shipments, restocking the floor, helping customers, performing cashier work, and cleaning the store.

58. Store Managers throughout the Country are customarily and regularly required to work shifts where they are not supervising at least two (2) full-time employees.

59. Store Managers throughout the Country have worked over forty (40) hours a week during the last three (3) years without being paid at time-and-a-half their regular rate of pay for the overtime hours worked.

60. Store Managers throughout the Country are subject to pay deductions if they are deemed to have worked less than 40 hours a week.

61. Store Managers throughout the Country have been subject to pay deductions when the Company itself does not allow them to work.

62. Store Managers throughout the Country have had their pay reduced because of alleged "sick time" taken.

63. The Company purports to have or have had hundreds of stores in the United States during the last three (3) years.

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

64. There are numerous similarly situated Store Managers.

65. Other similarly situated employees of Defendant were also deprived overtime compensation at a rate of time-and-a-half their regularly rate of pay as required by the FLSA.

66. John is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA as well as the application of a three-year statute of limitations.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter an order certifying this case as a collective action;

b. Enter judgment against the Company under the FLSA;

c. Award all similarly situated opt-in plaintiffs actual damages for the unpaid wages;

d. Award all similarly situated opt-in plaintiffs liquidated damages;

e. Award attorneys' fees and costs;

f. Award all recoverable interest; and

g. Award any other relief this Honorable Court deems just and proper.

## **JURY TRIAL**

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

Respectfully submitted,

***/s/ J. Freddy Perera***
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Bayardo E. Alemán, Esq.
Florida Bar No. 28791
bayardo@pba-law.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 92044
brody@pba-law.com
**PERERA BARNHART ALEMÁN**
12401 Orange Drive, Suite 123
Davie, Florida 33330
Phone: 786.485.5232
*Attorneys for Plaintiff*

11 | P a g e

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232